SAM BLACKMAN et al., Plaintiffs, *v.* FREDERICK W. I. LUNDY, Individually and Doing Business as F. W. I. LUNDY BROS., Defendant.

City Court of the City of New York, Kings County, December 15, 1948.

*S. H. Levinkind* for plaintiffs.

*F. Healy* and *Frederick Mellor* for defendant.

HARRISON C. GLOBE, Official Referee. This action is for damages suffered by plaintiffs, alleged as the result of eating lobster and shrimp salad, topped off with ice cream and coffee in defendant's restaurant.

Liability is predicated on breach of warranty, in that the food, it is alleged, was poisonous, filled with ptomaines and generally not reasonably fit for human consumption; and negligence, in that proper care was not exercised to prevent service of food containing poisonous ptomaines.

After their meal at defendant's restaurant, plaintiffs went for an automobile ride with others of the party, returning home at midnight. The following morning breakfast, consisting of orange juice, rolls, jam and coffee, was eaten about 11:00 A.M. At 4:00 P.M. both plaintiffs complained of dizzy spells, nausea, wretching pain and vomiting. Dr. Aronson was thereupon called and attributed the condition of both plaintiffs to food infection. The doctor was unable to state with reasonable certainty that the complaint of each plaintiff was due to the food consumed the prior evening. No medical testimony was offered by defendant. No reason appears to consider the testimony of Dr. Aronson other than credible.

There is thus presented a disputed question, to resolve which due consideration has been given to the reasonable possibilities, rather than conjecture. In *Stubbs* v. *City of Rochester* (226 N. Y. 516, 526) mention is made of the rule of law, that when there are several possible causes of injury " plaintiff cannot recover without proving that the injury was sustained wholly or in part by a cause for which defendant was responsible ".

The required evidence in this case does not establish, in my opinion, facts from which it may be found, with reasonable certainty, that the direct cause of plaintiffs' injuries was the one for which defendant is liable. Such seems to be the opinion of the only medical testimony in the case.

It follows that after trial on the merits decision must be given for defendant. Judgment accordingly.